IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHAN FLORES OQUENDO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-04523
CRIM. NO. 2:13-CR-00165
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 33). This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that this action be dismissed pursuant to Rule 4.

### I.    BACKGROUND

On August 21, 2013, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to a five count Information charging him with one count of conspiracy to violate the Hobbs Act, two counts of violating the Hobbs Act, in violation of 18 U.S.C. § 1951, and two counts of aiding and abetting in the discharge of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). (Docs. 2, 11). Petitioner waived his right to appeal or pursue collateral proceedings, except as to a sentence imposed beyond the statutory maximum or claims of ineffective assistance of counsel and prosecutorial misconduct, under the terms of his Plea Agreement. (Doc. 2, PAGEID # 11). On January 6, 2014, Judgment was entered imposing an aggregate sentence of 336 months' imprisonment to be followed by five years of supervised release. (Doc. 19). Petitioner filed a prior Motion to Vacate under 28 U.S.C. § 2255,

but the Court dismissed it at Petitioner's request. (Doc. 22). On April 8, 2020, Petitioner executed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 33, PAGEID # 140). On August 27, 2020, the United States Court of Appeals for the Sixth Circuit issued an Order denying Petitioner's request for authorization for the filing of a second or successive § 2255 motion as unnecessary and transferring the case for this Court's consideration. (Doc. 32). As his sole ground for relief, Petitioner asserts that his convictions on two counts of aiding and abetting in the discharge of a firearm during the commission of a crime of violence under § 924(c) must be vacated in view of *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019). For the reasons that follow, that claim fails.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States,* 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause

2

and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

### III.     WAIVER OF RIGHT TO APPEAL

As a threshold matter, Petitioner waived his right to appeal or to pursue collateral relief under the terms of his negotiated Plea Agreement, except as to claims of prosecutorial misconduct or ineffective assistance of counsel. (Doc. 2, PAGEID # 11). He raises neither of the foregoing issues here. Further, such appeal-waiver provisions will be enforced where made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (citing *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001)). Petitioner does not allege that his waiver of appeal was not knowing and voluntary. Moreover, "[i]t is well settled [ ] that a change in law cannot render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) (citing *Brady v. United States*, 397 U.S. 742, 757 (1970); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).

> By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse. *Id.; see also United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("The possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").
>
> Accordingly, courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights.

*Id*. at 490–91.

Because Petitioner "waive[d] his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]" *United States v. Mizori*, 604 F. App'x 413, 417 (6th Cir. 2015) (citation omitted); *see also United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)

3

(citation omitted) ("When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]"). Thus, Petitioner's waiver of his right to attack his convictions collaterally precludes his challenge he now brings based upon the Supreme Court's decision in *Davis.*

Regardless, as discussed below, the record does not indicate that *Davis* provides a basis for relief.

### IV.  MERITS

As noted, Petitioner asserts that his § 924(c) convictions must be vacated in view of *Davis*, 139 S.Ct. at 2319.

Section 924(c), defines a a "crime of violence" as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court in *Davis* invalidated the "residual clause" of § 924(c)(3)(B) as unconstitutionally vague. *Davis*, 139 S.Ct. at 2324–25, 2336. As a result of *Davis*, conspiracy to commit a Hobbs Act robbery is no longer viable as a qualifying crime of violence for purposes of § 924(c)(3). *See Wallace v. United States*, No. 3:19-cv-1122, 2020 WL 2194002, at *5 (M.D. Tenn. May 6, 2020) (citing *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019), *cert. denied*, –– U.S. ––, 140 S. Ct. 509 (U.S. Nov. 12, 2019) (other citations omitted). Yet, the record here indicates that Petitioner's two § 924(c) convictions on Counts Three and Five are predicated on his convictions for violating the Hobbs Act, as charged in Counts Two and Four of the Information—not for conspiracy to commit a Hobbs Act robbery. (Doc. 1, PAGEID # 4, 6). And this makes all the difference. A Hobbs Act robbery involves a

4

"crime of violence" under § 924(c)(3)(A). *See United States v. Jones*, No. 1:16-cr-17, 2019 WL 6941769, at *3 (N.D. Ohio Dec. 16, 2019).

> Hobbs Act robbery is a "crime of violence" because the definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause of] § 924(c)(3)(A)." *Gooch*, 850 F.3d at 291-92; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause). For this reason, even in the wake of *Davis,* courts within the Sixth Circuit consistently find that § 924(c) convictions premised on Hobbs Act robbery convictions withstanding constitutional scrutiny. *See, e.g., United States v. Harris*, No. 15-cr-20089, 2019 WL 4746746, at *3 (E.D. Mich. Sept. 30, 2019) (denying § 2255 motion to vacate § 924(c) conviction premised on Hobbs Act robbery); *Daniels v. United States*, No. 3:16-cv-1551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019) (same); *United States v. Brooks*, No. 5:16-cr-7-JMH-EBA-2, 2019 WL 4231236 (E.D. Ky. Aug. 19, 2019) (report and recommendation advising to deny § 2255 motion challenging § 924(c) conviction predicated on Hobbs Act robbery conviction), adopted, 2019 WL 4228364 (E.D. Ky. Sept. 5, 2019); *see also United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019) (upholding § 924(c) conviction premised on carjacking, after *Davis,* noting that "the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used 'actual or threatened force, or violence, or fear of injury, immediate or future', falls within § 924(c)'s force clause") (quoting *Camp*, 903 F.3d at 597); *United States v. Walker*, No. 19-10239, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (finding § 924(c) constitutional where underlying crime of violence was bank robbery, which has as a necessary element the use of force and violence or intimidation).

*Id*. (footnotes omitted); *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (finding Hobbs Act robbery to be a crime of violence under the elements clause of § 924(c)(3)(A)). Thus, *Davis* does not impact Petitioner's convictions on aiding and abetting in the discharge of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), and does not provide him a viable basis for relief.

## V. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 33) be **DISMISSED** pursuant to Rule 4.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  September 18, 2020               /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE